IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| HASSAN MUHAMMAD, | § | |
| | § | |
| Defendant Below, | § | No. 592, 2014 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID No. 1308014183 |
| Plaintiff Below, | § | |
| Appellee. | § | |
| | § | |

Submitted: March 27, 2015
Decided: April 27, 2015

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

**O R D E R**

This 27th day of April 2015, upon consideration of the appellant's opening brief, the appellee's motion to dismiss, the appellant's response, and the appellee's reply, it appears to the Court that:

(1) The appellant, Hassan Muhammad, filed this appeal from his convictions for Possession of a Firearm by a Person Prohibited ("PFBPP"), Possession of Ammunition by a Person Prohibited ("PABPP"), Carrying a Concealed Deadly Weapon ("CCDW"), Resisting Arrest, and two counts of Criminal Mischief. The State of Delaware has filed a motion to dismiss the appeal as moot. After consideration of the parties' respective positions, we conclude that

the Superior Court's sentencing order must be vacated and this matter must be remanded for further proceedings consistent with this order.

(2) The record reflects that, after a two day jury trial, Muhammad was convicted of PFBPP, PABPP, CCDW, Resisting Arrest, and two counts of Criminal Mischief. Muhammad was sentenced as follows: (i) for PFBPP, a minimum mandatory sentence of ten years of Level V incarceration; (ii) for PABPP, eight years of Level V incarceration suspended after one year of Level V incarceration for decreasing levels of supervision; (iii) for CCDW, eight years of Level V incarceration suspended for one year of Level III probation; (iv) for Resisting Arrest, two years of Level V incarceration suspended for one year of Level III supervision; and (v) for each count of Criminal Mischief, six months of Level V incarceration suspended for three months of Level III probation. This appeal followed.

(3) In his opening brief on appeal, Muhammad, through counsel, raised one issue for this Court's consideration. Muhammad argued that his convictions and sentences for two counts of Criminal Mischief violated the multiplicity doctrine because only one entity (the Wilmington Housing Authority) suffered damage and that same entity was the only entity to suffer the pecuniary loss element of Criminal Mischief under 11 *Del. C.* § 811. Based on these contentions,

Muhammad argued that one of his Criminal Mischief convictions and sentences must be vacated.

(4) The State filed a motion to dismiss Muhammad's appeal under Supreme Court Rule 29(b). In the motion, the State indicated that it had entered a *nolle prosequi* on one of the two Criminal Mischief charges on January 16, 2015. Based on this entry of *nolle prosequi*, the State argued that the controversy on appeal was moot and that the appeal should be dismissed.

(5) In response to the State's motion to dismiss, Muhammad stated that the issue was technically not moot because he was still sentenced for two counts of Criminal Mischief. Muhammad also stated, however, that the issue would be mooted if this Court ordered the Superior Court to vacate the multiplicitous Criminal Mischief conviction and to re-sentence Muhammad. Depending on the Court's wishes, Muhammad's counsel expressed a willingness to draft the opening brief as a non-merit brief under Supreme Court Rule 26(c).

(6) In a footnote, Muhammad noted that there was another sentencing issue because the ten year minimum mandatory sentence for his PFBPP conviction was based on a material misapprehension of fact. Under 11 *Del. C.* § 1448(e)(1)(c), a person convicted on two or more occasions of any violent felony must be sentenced to a minimum mandatory sentence of ten years Level V incarceration for PFBPP. Muhammad was sentenced to ten years of Level V

3

incarceration based on his previous convictions for Delivery of Cocaine and Possession of a Controlled Substance Within 300 Feet of a Park. Due to statutory revisions before Muhammad's arrest, Possession of a Controlled Substance Within 300 Feet of a Park is no longer a separate drug offense and is no longer classified as a violent felony under 11 *Del. C.* § 4201(c). Muhammad further noted that it appeared from the Prothonotary record that he had actually pled guilty to Possession of a Controlled Substance, a lesser included offense of Possession of a Controlled Substance Within 300 Feet of a Park, which was not a violent felony. With one previous violent felony conviction, Muhammad could be subject to a minimum mandatory Level V sentence of three years or five years.[1] These contentions were not raised in the Superior Court proceedings.

(7) We asked the State to respond to the contentions concerning Muhammad's PFBPP sentence. The State agreed that Muhammad had one previous violent felony conviction, not two, and was therefore not subject to a ten year minimum Level V sentence for PFBPP. According to the State, Muhammad was subject to a minimum mandatory Level V sentence of three years under 11 *Del. C.* § 1448(e)(1)(a). To remedy the error, the State suggested that this Court

---

[1] 11 *Del. C.* § 1448(e)(1)(a) (providing that prohibited person who knowingly possesses firearm shall receive minimum sentence of three years if previously convicted of violent felony); 11 *Del. C.* § 1448(e)(1)(b) (providing that prohibited person who knowingly possesses firearm shall receive minimum sentence of five years if possession occurs within ten years of previous violent felony conviction or date of termination of all periods of incarceration or confinement imposed for violent felony conviction, whichever is later date).

4

could dismiss the appeal with directions to the Superior Court to correct Muhammad's sentence or Muhammad could voluntarily dismiss this appeal and move for a correction of sentence in the Superior Court, which the State would not oppose.

(8)     Having carefully considered the positions of the parties, we conclude that the sole issue raised in the opening brief is moot in light of the State's entry of a *nolle prosequi* on one of the two Criminal Mischief charges against Muhammad. We further conclude, however, that Muhammad's sentence must be vacated in light of the dismissal of one of the Criminal Mischief charges and the parties' agreement that Muhammad was not subject to a ten year minimum mandatory Level V sentence for PFBPP.  This matter will be remanded to the Superior Court for a new sentencing hearing.  In addition to the PFBPP sentencing error, we note that it appears Muhammad was sentenced for Resisting Arrest as a felony, rather than as a misdemeanor as set forth in the indictment,[2] and that the maximum

---

[2] Under 11 *Del. C.* § 1257, resisting arrest with force or violence is a Class G felony and resisting arrest without force or violence is a Class A misdemeanor.  The maximum sentence for a Class G felony is up to two years of Level V incarceration.  11 *Del. C.* § 4205(b)(7).  The maximum sentence for a Class A misdemeanor is up to one year of Level V incarceration.  11 *Del. C.* § 4206(a).  For Resisting Arrest, Muhammad was sentenced to two years of Level V incarceration suspended for one year of Level III probation.

penalty for an unclassified misdemeanor (the Criminal Mischief conviction) is up to thirty days of Level V incarceration.[3]

NOW, THEREFORE, IT IS ORDERED that the Superior Court's sentence is VACATED and this matter is REMANDED to the Superior Court for a new sentencing hearing. Jurisdiction is not retained.

BY THE COURT:

/s/ Karen L. Valihura
Justice

---

[3] 11 *Del. C.* § 811(b)(3) (providing that criminal mischief resulting in less than $1,000 pecuniary loss is unclassified misdemeanor); 11 *Del. C.* § 4206(c) (providing that sentence for unclassified misdemeanor may include up to thirty days of Level V incarceration if no sentence is specified in law defining offense).